INJUNCTION DISSOLVED AND BILL<br>DISMISSED, WITH COSTS.

STATE OF MARYLAND *vs.* WILLIAM SUTTON.—*Dec.* 1846.

A count in an indictment charging a rape, may be united with another count charging an assault, with intent to commit a rape. This is no misjoinder under our system of criminal jurisprudence.

Where an indictment containing two counts, is submitted to the jury upon the plea of not guilty, it is their duty to find both issues in their verdict.

And if the jury find the prisoner guilty upon one issue, as upon the inferior offence, and do not find the other issue, the verdict should be set aside and a new trial awarded.

A verdict which is a nullity, does not, in legal contemplation, jeopard life or limb.

WRIT OF ERROR to *Baltimore* county court.

At November term 1845, the grand jury of said county found a true bill of indictment against the defendant in error, charging him in one count with a rape, and in another count with an assault, with intent to commit a rape. The petit jury found the prisoner guilty of the charge as specified in the second count aforesaid, as, &c., and were thereupon discharged.

The prisoner moved in arrest of judgment, as stated in the opinion of this court, and the county court, (PURVIANCE and LE GRAND, A. J.,) delivered the following opinion :

The court will briefly state the principles which, in this case, induce them to sustain the motion on behalf of the prisoner, and to order his discharge from custody.

The prisoner was indicted by the grand inquest for *Baltimore* county. The indictment contained two counts: the first charging him with the crime of *rape;* the other, with the crime of an *assault* with the *intent* to commit a rape. On this indictment the party was duly arraigned, and pleaded not guilty. The jury was sworn to try the *issues* joined between the prisoner and the State. The attorney for the State made no election:

but submitted both issues to the jury for their determination. The jury returned a verdict of "*guilty*," "on the second count," but found nothing as to the first.

These being the facts, the questions for the determination of the court are:

1st. Can judgment be rendered on the verdict of the jury?

2nd. If judgment cannot be rendered, is the prisoner entitled to his discharge?

The crime imputed to the prisoner in the first count, is a *felony;*—that imputed in the second is a *misdemeanor*. Before the decision of the Court of Appeals, in the case of the *State vs. Burke*, 2 *H. & J.*, 426, it was contended by as eminent lawyers as were ever known to the profession in this country, that it was not competent for the State to *embrace*, in a single indictment, a *felony* and a *misdemeanor;* but since, and by that decision, an opposite doctrine has been settled, as the law of *Maryland*. Under that decision then, the indictment, in this case, is a good one; and the question is, can the court render judgment on the finding of the jury? A thorough and careful examination of all the cases within our reach, involving in their enquiry this question, warrant, in our opinion, the assertion of the following principles.

*First*. Where there is a special verdict, and the jury in it find the *substance* of the crime, the court may correct the form, and render judgment.

*Second*. Where there is one count in the indictment, charging the *same species* of crime in different degrees, as, for example, murder in the first, and murder in the second degree, and the jury find by their verdict, the prisoner guilty of the latter, that such finding is a *negation* of the guilt of the party, of the greater degree of the *same crime*, and the court may render judgment.

In this case, however, the crimes charged in the diffferent counts of the indictment are *not* of the *same nature;* the one is a *felony* punishable by the *death;* the other, a *misdemeanor*, punishable by *imprisonment*. Since the decision in 2 *H. & J.*, 426, a party may, in one indictment, be charged in one count with murder, which is a *felony*, and in

another count with *perjury*, which is a *misdemeanor*. If, in such a case, the prisoner were found guilty, by the verdict of the jury, of the *perjury*, it could not be contended that he was not guilty of the *murder*, for he may have been guilty of both: so in the case under consideration, the finding of the guilt of the party, so far as the *misdemeanor* is concerned, is no negation of the guilt of the felony. The jury are sworn to make a "true deliverance" between the State and the prisoner, on *all* matters on which issue was joined. This has not been done, and as those issues involved inquiries in regard to crimes, as distinct in their nature from each other as are murder and perjury, the finding of the misdemeanor could be no negation of the felony; for, *non constat*, the prisoner may have been guilty of both; but until found guilty of the felony, he could not be punished for it.

From these views, (and there is not a single authority, so far as the court are aware, in conflict with them,) it must be apparent, no judgment can be rendered on the finding of the jury, and for this reason, if the party were sent to the penitentiary for the misdemeanor, when his term of service expired, he could be tried for the *felony*, and, if found guilty, hung for it; for, as he had not been either acquitted or convicted of it by the finding of the jury, he would still stand charged with it, and liable to be tried for it at any distance of time. He could not, successfully, plead either *autrefois acquit*, or *autrefois convict*, for the truth of either of these pleas could only be tested by the record, which, on inspection, would show, that he had neither been convicted or acquitted.

Had the *indictment* been so improperly drawn, that if the party had been found guilty on all the counts, the court could not have pronounced judgment, the party would not be discharged; but the court would have sent the witnesses before the grand jury again, so that a perfect indictment might have been found. But, inasmuch as the *indictment* was perfect, and such, if the party had been found guilty of the felony charged in it, that the court could have sentenced him to capital punishment, then his life was *once* put in jeopardy; and for as much as the *fifth* amendment to the constitution of the *United*

*States* provides, that no person shall "*be subject for the same offence, to be put twice in jeopardy of life or limb,*" the court are compelled to order his discharge.

The State sued out a writ of error from chancery to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By RICHARDSON, Att'y Gen'l, for the State, and
By MALCOLM for the defendant in error.

SPENCE, J., delivered the opinion of this court.

The indictment in this case contained two counts:—the first, for a rape; the second, for an assault, with intent to commit a rape. The jury found the prisoner guilty on the second count, namely, of an assault, with intent to commit a rape.

The prisoner's counsel filed a motion in arrest of judgment, and assigned as the grounds therefor:—First, "because the jury have omitted, in their verdict, to find said *Sutton* guilty, or to acquit him, on the first count of the indictment, by answering to the second count alone, and have thus rendered a defective verdict."

The second reason assigned in arrest of judgment, is, "that the State has joined distinct offences in the same indictment, and for that reason, they respectfully submit the indictment is bad." Two issues were submitted to the jury:—the first, guilty, or not guilty, of the rape; the second, guilty, or not guilty, of the assault, with intent to commit a rape.

The jury found the prisoner "guilty of the charge as specified in the second count of the indictment aforesaid, in manner and form as the said State of *Maryland* within against him hath alleged."

The law seems to be well settled upon authority, that if a jury find but a part of the matters put in issue, and say nothing as to the rest, it is ill. *King vs. Hayes*, 2 *Ld. Raymond*, 1521; and in 1 *Chit. Crim. Law*, 641, it is said: "With respect to the form in which a verdict should be given, which thus partially convicts and acquits, it has been holden, that it ought to

find specifically not guilty of the higher, and guilty of the inferior charge; and that if it merely find the defendant guilty of the inferior offence, it will be of no avail."

The same doctrine is held by *Hawkins*, in his pleas of the *Crown B'k*, 2, ch. 47, sec. 5.

If the law requires all the matters involved in a single issue, to be found by the jury, unquestionably, it requires, where there are two or more issues submitted to the finding of the jury, that they should find upon each, and all, of the issues.

This verdict, therefore, in the language of the books, was ill, and should have been set aside by the court.

The second reason assigned as a ground for arresting the judgment, is settled by the case of *Burke vs. The State*, 2 *H. & J.*, 426, and, therefore, no argument on our part is necessary to maintain the decision of the county court, that a felony and misdemeanor may be joined in the same indictment.

We cannot agree with the county court in the course pursued by them, in arresting the judgment and discharging the prisoner. It cannot be said with correctness, that a verdict, which in legal contemplation is a nullity, could jeopard the life or limb of a party.

In this case, the jury found no verdict on the issue, under the first count in the indictment.

The verdict was imperfect, and the matter in issue not so ascertained, as that the court could render any judgment thereon, and therefore it was a mis-trial. The county court erred in discharging the prisoner; the court should have awarded a *venire de novo*.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.