STATE OF MARYLAND vs. THOMAS FLANNIGAN.

A verdict, upon an indictment for murder, of "guilty of manslaughter,"
without saying, not guilty of murder, is erroneous.

Where issue is joined upon an indictment involving different grades of the
same offence, and the party is acquitted of the higher and convicted of the
lower grade, the verdict must find specifically not guilty of the higher and
guilty of the inferior charge, and if it merely find the party guilty of the
inferior charge it will be of no avail.

State *vs.* Flannigan.

ERROR to the Circuit Court of Frederick county.

The defendant in error was indicted and tried for the murder of Edward Flynn. The indictment contained two counts, both charging murder. The jury rendered a verdict of "guilty of manslaughter," which was received and recorded. The prisoner, by his counsel, then moved to set aside this verdict:

1st. Because it finds the prisoner guilty of manslaughter, and does not find him guilty or not guilty of the higher offence charged in the indictment.

2nd. Because the jury in their said verdict did not find upon all the issues submitted to their finding upon the indictment in said cause.

The court below, (NELSON, J.,) set aside the verdict and ordered a new trial, and to correct this ruling the State, by its attorney, sued out a writ of error.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Bradley T. Johnson*, State's Attorney for Frederick county, for the State.

Felonious homicide was the fact to be found by the jury, and having passed upon this their verdict is correct. *Foster*, 299. 2 *Hale*, 246. *Wharton*, 197. 10 *Bac. Abr.*, 342. The issue is felonious homicide and the jury are to determine the degree, under the act of 1809, ch. 138. Manslaughter is a technical term which, *per se*, negatives the charge of murder, as decided by Baltimore county court in the case of *State vs. Sutton*, 4 *Gill*, 495, and this ruling in that case was not reversed by the Court of Appeals, because the indictment there contained two distinct counts charging different offences, rape and murder, and upon that ground the judgment below was reversed, and therefore the point here presented was not decided. It is well settled that upon an indictment for murder a party may be found guilty of manslaughter. 1 *Chitty's Crim. Law*, 638. *Coke Litt.*, 282, *a*. *Croke Eliz.*, 296.

*3 Dyer*, 261, *a.* 2 *Hale*, 302, 292, 293. 2 *Hawkins, ch.* 47, *secs.* 4, 6. It has been expressly decided that where the charge includes an offence of an inferior degree, it is sufficient for the jury to find a verdict of guilty of the inferior and take no notice of the higher offence. *Wharton*, 140, 152, and cases there cited. 8 *Smedes & Mar.*, 576, *Swinney vs. State.* The particularity in verdicts formerly required is now unnecessary. It was once necessary for the jury to say who did the murder when they acquitted the accused, and so on an indictment for the murder *cujusdem ignoti*, they were to tell the name if they could. 2 *Hale*, 300. All this is now unnecessary. The test is, could this verdict be pleaded as *autre fois convict* in bar of a new indictment for murder? In 2 *Hale*, 246; *Wharton*, 197, and 12 *Pick.*, 504, *Commonwealth vs. Roby*, it is decided that an acquittal for manslaughter bars a prosecution for murder, and if this be so, then surely a *conviction* will have the same effect.

The authorities against the position here contended for, 1 *Chitty's Crim. Law*, 641, and 2 *Hawkins, ch.* 47, *sec.* 5, rest solely on the case of *Rex vs. Mansell*, 1 *Anderson*, 103, which does not support them. There the foreman rendered the verdict, guilty of manslaughter, and the other jurors immediately said that was not their verdict, whereupon the court set it aside and ordered a new trial. The present objection to the verdict was not mooted. *Chitty* treats the doctrine as obsolete, but says the practice is to take verdicts as here required, but in this State the practice has been different.

*John A. Lynch* and *William P. Maulsby* for the defendant in error.

An issue is defined to be a single, certain and material point, issuing out of the allegations or pleadings of the plaintiff and defendant. 1 *Chitty's Pl.*, 653. If the law requires all the matters involved in a single issue to be found by the jury, unquestionably it requires where there are two or more issues submitted to the finding of the jury, that they should find upon each and all of the issues. 4 *Gill*, 498, *Sutton vs. The State.*

22		v.6

In: *Chitty's Crim. Law*, 641, it is said: "With respect to the form. in which a verdict should be given which thus partially convicts and acquits, it has been holden, that it ought to find specifically not guilty of the higher and guilty of the inferior charge, and that if it merely find the defendant guilty of the inferior offence it will be of no avail." In this case the jury have only found the traverser guilty of manslaughter, and have not found him either guilty or not guilty of murder in: the first or second degree, both of which are charged'in the indictment. The verdict is therefore ill and was rightly set aside by the court below, according to the decision in the case of *The State vs. Sutton*, 4 *Gill*, 497.

The charges of murder in the first and second degree are certain and material issues, and should have been passed upon by the jury. By the act of 1809, ch. 138, sec. 3, the jury are to ascertain in their verdict the degree of the offence where murder is charged. Here they have not passed upon the prisoner's· guilt or innocence of murder in the first or second degree, hence the verdict is· bad. If a verdict find all that is in· issue in one count which is material, it is good, (7 *Bac. Abr.*, 19. 1 *Inst.*, 227,) but here it did not find all that was material. The jury must pass upon the matters in issue *expressly*, (:7 *Bac. Abr.*, 37,) but here they have passed upon the first two issues *inferentially* and not *expressly*. In civil cases, as in debt, ejectment, trover, &c., the verdict must find the matter in issue *expressly*. and with *certainty*, (7 *Bac. Abr.*, 35, 36, 37,) and in criminal cases there is much greater reason for requiring the issues to be found *expressly* and with *certainty*.

It is the common practice on every circuit in England in case of a conviction of manslaughter on a charge of murder; to say, "not guilty of murder, but guilty of manslaughter; though the latter is included in the former." 1 *Chitty's· Crim. Law*, 642. *Starkie*, 332. In 2 *Hawkins*, 440, it is held, "that if the jury on indictment or appeal of murder find the defendant guilty of manslaughter, without saying anything expressly as to the murder, it is insufficient and void, as being

only a verdict for part." This is an authority directly in point, and one upon which the decision in this case by the court below ought to be sustained.

TUCK, J., delivered the opinion of this court.

In the case of the *State vs. Sutton*, 4 *Gill*, 494, the Court of Appeals, quoting from 1 *Chit. Crim. Law*, 641, said: "With respect to the form in which a verdict should be given which thus partially convicts and acquits, it has been holden that it ought to find specifically not guilty of the higher, and guilty of the inferior charge, and that if it merely find the defendant guilty of the inferior offence, it will be of no avail." *Chitty* refers for this principle to 1 *Anderson*, 103, 104, and *Hawkins* cites the same authority. We have examined the case in *Anderson* and find that the court expressly held, that a verdict of manslaughter would be erroneous if there was no finding on the charge of murder. There are cases which state, in general, that the accused may be convicted of manslaughter on an indictment for murder, without saying any thing as to the necessity of giving an express verdict as to the murder, but *Chitty* shows the practice in England was for the juries to say, "not guilty of murder, but guilty of manslaughter." *Hawkins' Pleas*, 620, (*Ed.* 1824.) 1 *Chit. Crim. Law*, 641, 642. A different practice, we understand, has prevailed in some of the judicial districts of this State, and this would seem to be consistent with the reason of the case, because, where an issue is joined on a single count in an indictment involving different grades of homicide, a conviction of manslaughter or of murder in the second degree, necessarily implies a finding of not guilty of the higher offence. Though this was not the precise point in *State vs. Sutton*, where the indictment contained two counts, and the jury gave their verdict only on one, yet when the Court of Appeals, with the authorities before them, have so clearly recognized the special mode observed in England as the proper practice, we should respect their opinion, especially where, as in this case, the judgment appealed from was rendered in accordance with

such exposition of the law, leaving the legislature, if the change be deemed important, to prescribe another form for taking the verdict.

It is not clear that this ruling of the court is before us on this writ of error, there having been no final disposition of the case below. The party was not discharged, as in *State vs. Sutton,* but held for a new trial. Under the circumstances, however, we have deemed it proper to express our views on the point presented by the record, without finally deciding whether a writ of error will lie in such cases. To prevent this case being relied on hereafter in affirmance of the right the present writ will be quashed, the effect in the particular case being the same as if the judgment were affirmed.

*Writ of error quashed.*