## John Cochrane vs. The State.

An indictment charging that the prisoner "feloniously, unlawfully and maliciously, *did set fire to* a certain dwelling-house," is defective as an indictment for arson, because it does not charge that the house was *burned*.

At common law neither an intention nor an actual attempt to burn a house will amount to a felony, if no part be actually *burned*, and the word "*burn*" is necessary to all indictments of this sort.

The act of 1809, ch. 138, only provides for the punishment of the crime of arson without defining it; the crime is therefore left as it stood at common law.

Since the act of 1852, ch. 63, a defect in an indictment for arson, that it omits to charge a *burning*, being such a defect as could have been availed of by demurrer, *cannot* be availed of by a motion in arrest of judgment.

The act of 1852, ch. 63, prohibits the staying or reversal of any judgment upon any indictment for any felony or misdemeanor, "for any matter or cause which might have been a subject of demurrer to the indictment."

The right to withdraw the plea of not guilty and to demur to the indictment, belongs to the prisoner *unconditionally,* and is not a *matter of favor* to be granted by the court upon such terms as it may think proper to impose.

If the prisoner does not choose to demur, but goes to trial on the plea of not guilty, and he is found guilty, judgment may be pronounced by the court notwithstanding the indictment is defective, and if he demurs and the demurrer is sustained and the indictment quashed, he may be indicted again.

Where a judgment is reversed because the prisoner was not allowed *unconditionally* to withdraw his plea and demur, he may be arrested and tried again on the same indictment; the trial is a *mistrial* and does not relieve him from further liability.

Error to the Circuit Court for Anne Arundel county.

The plaintiff in error was indicted and tried as stated in the opinion of this court, and being found guilty, his counsel moved in arrest of judgment, for the following reasons:

1st. Because the offence charged in the indictment is not a crime under the laws of this State for which the prisoner can be punished.

2nd. Because there can be no judgment rendered against the prisoner on the verdict, but the judgment should be for the defendant.

3rd. Because the prisoner could not, by reason of his poverty, avail himself of the terms on which the court allowed

him to demur, viz., the payment of costs, and therefore this motion in arrest is the only mode in which he can bring before the court the above objection to the indictment.

4th. Because when the prisoner was required to proceed with his trial before the jury, and his counsel was about to argue before the jury that the offence charged in the indictment is not a crime under the laws of this State of which they could find him guilty, the court refused to allow his counsel so to argue before the jury.

This motion the court, (BREWER, J.,) overruled, and sentenced the prisoner to be confined in the penitentiary for the term of five years and seven months. The case was then brought to this court upon a writ of error from the equity side of said circuit court.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Alexander B. Hagner* and *Alexander Randall* for the plaintiff in error, argued:

1st. That the act charged in the indictment constitutes no crime against the laws of this State for which the prisoner can be punished, and there can be no judgment rendered against him on this indictment. The act of 1809, ch. 138, secs. 3, 5, prescribe a punishment for persons guilty of the crime of *arson*, and of being accessory thereto, but there is no law of this State which makes the "*setting fire to*" a dwelling-house a crime, or punishes such an offence *eo nomine*. The acts of 1831, ch. 208, and 1817, ch. 153, sec. 7, and 1845, ch. 381, punish the "*setting fire to*" the particular species of property there mentioned, but have no application to this case. This indictment was evidently drawn by mistake under the statute of *Victoria*, see 3 *Wat. Arch.*, 485—45. The question then is, is this indictment sufficient to sustain the charge of *arson* at common law? We say not. There must be an *actual burning alleged* and *proved*. Lord Coke defines arson to be the "malicious and voluntary *burning* of

51   v.6

the house of another by day or by night," and no case can be found where at common law the offence is charged without the word "*burn.*" *Roscoe's Cr. Ev.*, 198, 199. Maliciously *setting fire to* the house of another *with intent to burn* it is not a felony. In *Mathew's Cr. Digest*, 436, the form of an indictment for *arson* at common law is given, and in pages 43, 44, the form for *setting fire to* a house under the English statutes is given, and the difference is obvious. In the case of *Howell vs. The Commonwealth*, 5 *Grattan*, 664, this very point is learnedly and elaborately discussed, and it was there held that the offences of "*setting fire to*" a house and "*burning*" a house are not synonymous. On this point, see also 3 *Greenlf. on Ev.*, secs. 51, 55. 3 *Wat. Arch.*, 178—31. 2 *Russell on Crimes*, 486. *Whart. Cr. Law*, 93, 131, 78. 7 *Cranch*, 394, *United States vs. Schooner Hoppet.* 5 *H. & J.*, 341, *State vs. Buchanan.* 1 *Wash. C. C. Rep.*, 463, *United States vs. Magill.* 1 *Chitty's Cr. Law*, 242, 302. This indictment therefore was clearly insufficient, and we say no valid judgment could be rendered upon it. 2 *Md. Rep.*, 376, *State vs. Black.* 2 *Burr.*, 1127, *Rex vs. Wheatly.* 1 *Wat. Arch.*, 85—2, 178—31, 198. 3 *Do.*, 493—18.

2nd. The court erred in refusing to receive the prisoner's demurrer until he should pay the costs of the prosecution, which, from his poverty, he was unable to pay. 1 *Chitty's Cr. Law*, 423, *(margin,)* and 345, *(top,)* the authority relied upon by the counsel for the State, applies to pleading *in abatement;* it says there are cases where, as a *matter of favor*, the prisoner may withdraw a plea to the indictment and *plead to the jurisdiction.* But this authority, we submit, has no application to this case, which is not a plea to the jurisdiction; and besides, the authority cited by *Chitty* from 1 *Wilson*, 157, *Rex vs. Kinlock*, by no means sustains his position, that the leave to withdraw a plea is granted as a *matter of favor.* In civil cases pleas are withdrawn without leave, and the same rule applies to criminal as to civil cases. See 1 *Chitty's Archb. Pr.*, in the *Queen's Bench*, 274, 288. 2 *Sellon's Pr.*, 454. 1 *Cranch's C. C. Rep.*, 49, *McGill vs. Sheehee.* *Ibid.*, 442, *Deakins vs. Lee.* 2 *Southard*, 539, *Nicholls vs.*

*The State,* which was a criminal case; and *Foster,* 16 *Croke Eliz.,* 196, *Hume vs. Ogle.* 1 *Virginia Cases,* 129, *Commonwealth vs. Blakeley.* 1 *Chitty's Cr. Law,* 172, *(margin.)* A plea will be allowed even after demurrer overruled. 4 *Bl. Com.,* 434. There never was such a thing heard of as requiring a prisoner to *pay money* as a condition upon which he is to enjoy the benefit of the criminal law of this State, and the court had *no right* to impose any such condition upon him. It would be *literally* a *sale of justice.*

The learned counsel also further argued, that under the provision of the constitution making the jury in all criminal cases judges of law as well as of fact, they had the right to argue before them the sufficiency of the indictment; but it was insisted by the counsel for the State, that to determine this was the province of the court and not of the jury, but as this point was not decided by this court, the arguments are not reported at length. In behalf of the prisoner the following authorities were cited: *Art. 10, sec. 5, of the Constitution.* 1 *Wat. Arch.,* 176—7. 5 *H. & J.,* 330, *State vs. Buchanan. Worthington on Juries,* in 29 *Law Lib.,* 43, 45. 1 *Bald. C. C. Rep.,* 293, *United States vs. Hinman.* 2 *Vol. of Debates of Md. Convention,* 766 to 768. 3 *Thos. Coke,* 500, *note* 7. 2 *Carter,* 617, *Carter vs. The State.* 23 *Verm.,* 14, *State vs. Croteau.* 1 *Bald. C. C. Rep.,* 108, *United States vs. Wilson.* On the part of the State: 5 *Ala. Rep.,* 672, *State vs. Jones. Ibid.,* 73, *State vs. Pile. Arch. Cr. Pl.,* 38, 46. 6 *Shepley,* 346, *State vs. Snow.*

*James S. Franklin,* State's attorney for Anne Arundel county, for the State, argued:—

1st. That the indictment contains all the requisites of an indictment for the crime of *arson,* and therefore charges an offence punishable under the laws of this State. The act of 1809 does not *define* the crime of arson, but only *prescribes the penalty* for its commission, and we must therefore look to the common law to see what the crime of arson is. The measure of proof required under the statutes against *setting fire to*

buildings is precisely the same as in the case of arson at common law; in both an actual *burning* must be *proved*, and if it is not necessary to allege a burning in the indictment, in the one case, it cannot be in the other.   1 *Wat. Arch.*, 85—2.   2 *Murphy*, 186, *State vs. Ballard.*   No authority can be found sustaining the position, that the word *"burn"* is a technical averment *necessary* to be stated in indictments for arson.   On this point see *Roscoe's Cr. Ev.*, 201.   2 *East's Pleas of the Crown*, 1013, 1020.   *Wharton's Cr. Law*, 534, 535.   3 *Wat. Arch.*, 493—1.   *Lewis' Cr. Law*, 79, 80.

2nd. The prisoner should have demurred before pleading *not guilty*, and having failed to do so, the withdrawal of this plea and the entering of the demurrer was not *a matter of right* but a matter *of favor*, to the granting of which the court was empowered to annex such conditions as that the State should not be prejudiced thereby.   1 *Chitty's Cr. Law*, 423, *Hale's Pleas of the Crown*, 236.   1 *Wat. Arch.*, 102—2, note, 102—3.   *Foster*, 16.   3 *Shepley*, 107, *State vs. Burlingham.*

Le Grand, C. J., delivered the opinion of this court.

This case comes before us on a writ of error.   It appears from the record that John Cochrane and a certain George Knight, junior, were charged by indictment, found by the grand jury of Howard county, in these words: that they *"feloniously, unlawfully and maliciously did set fire to a certain dwelling of William F. Adams."*   The plaintiff in error was arrested, arraigned and pleaded *not guilty*, in the circuit court for Howard county; after which, on his suggestion that he could not have a fair trial in Howard county, the case was removed to the circuit court for Anne Arundel county.

When the case came on for trial in the circuit court of Anne Arundel county, the prisoner asked leave to withdraw his plea of not guilty, and to interpose a demurrer to the indictment. This the court granted *on the condition that the prisoner would pay the costs.*   This the prisoner failed to do, but tendered his demurrer which was refused by the court, and the case

was tried before the jury on the plea of not guilty, and the prisoner was found guilty. A motion in arrest of judgment was made and overruled, and the prisoner sentenced to confinement in the penitentiary house, for the period of five years and seven months.

Although, strictly speaking, the refusal of the circuit court to allow of the withdrawal of the plea of not guilty, and to permit the prisoner to demur to the indictment, is the only inquiry presented to us under this record, yet, inasmuch as the sufficiency of the indictment has been fully discussed before us, and as the party will have to be tried over again, we deem it proper for us to express our opinion in regard to it.

We have no doubt that the indictment was defective in not averring that the house was *burned*. At common law, neither an intention nor an actual attempt to burn a house will amount to a *felony*, if no part be burned. 1 *Hawk.*, ch. 39, sec. 4. 5 *East P. C.*, 1020. See also, the case of *Howel vs. Commonwealth*, 5 *Grattan*, for a discussion of the difference in meaning between the words, "set fire to," and, "burn." And in the 4*th Book of Blackstone's Com.*, 222, it is said, "as to what shall be *burning*, so as to amount to arson, a bare intent, or attempt to do it by actually setting fire to a house, unless it absolutely *burns*, does not fall within the description of *incendit et combussit;* which were words necessary in the days of law-latin to all indictments of this sort."

Our statute of 1809, ch. 138, only provides for the punishment of the crime of arson without defining it. It is, therefore, left as it stood at common law. Prior to the act of 1852, ch. 63, such an omission as in this case could have been availed of by a motion in arrest of judgment, as well as by a demurrer to the indictment. Since the passage of that act however, we are of opinion, that "no judgment upon any indictment for any felony or misdemeanor," shall be stayed or reversed, "*for any matter or cause which might have been a subject of demurrer to the indictment.*"

In the case now before us the defect in the indictment

could have been availed of by demurrer, and, therefore, could not be by a motion in arrest of judgment. But it appears. the learned judge below was of opinion that inasmuch as the prisoner had pleaded not guilty, he was not entitled to with-draw his plea and to demur as *matter of right*, but only as a *favor* to be granted by the court, and on such terms as it thought proper.

It must be confessed that there is no little indistinctness in some of the reported cases, whether the right to withdraw the plea of not guilty and to demur, belongs, unconditionally, to the prisoner, or, is matter of favor to be granted by court. We think, however, that the better opinion is—as is clearly the justice of the matter—that the prisoner has the right. Before the act of 1852, ch. 63, the defect could have been availed of by motion in arrest of judgment. Then the whole trial could be gone through with, and if the party were con-victed the judgment could be set aside. To avoid such waste of time, was, we may presume, one of the reasons which induced the passage of the act of 1852. It requires that the demurrer shall be resorted to instead, as theretofore, of a motion in arrest of judgment. By allowing the interposition of the demurrer, the time of the court is saved, and if on it, the indictment be quashed, the prisoner could be re-indicted. We think the prisoner has the right to withdraw his plea of not guilty and put in his demurrer; and this was the decision in the case of *Hume vs. Ogle*, 1 *Croke Elizabeth*, 196.

Although the judgment be reversed, the party can be arrested and tried again on *this* indictment. If he chooses not to demur and prefers to go to trial on the plea of not guilty, and he be found guilty, a judgment may be pronounced by the court, notwithstanding the indictment be defective. But, if he demur and the court sustain the demurrer, and quash the indictment, he can be indicted again. We make these observations to show, that although the effect of the reversal of the judgment, is to discharge the prisoner from his confinement in the penitentiary, that he may be immedi-ately on his discharge, arrested and held to answer on this

indictment, for *non constat*, he will demur, he may elect to go to trial on the plea of not guilty.

The trial which has already been had, is what is known to the law as a *mistrial*, and does not relieve the party from further liability. *State vs. Sutton*, 4 *Gill*, 494.

In conclusion, we remark, that we do not consider ourselves at liberty to decide the other questions argued by counsel, and assigned as reasons in the court below in support of he motion in arrest of judgment. This record does not oring them before us.

*Judgment reversed and procedendo awarded.*