(Decided December 2nd, 1897).

---

## CALEB ANDERSON *vs.* THE STATE OF MARYLAND.

*Criminal Law—Discharge of Jury—Mistrial—Once in Jeopardy.*

A jury in a criminal case, if unable to agree upon their verdict, may be discharged by a Clerk of the Court, acting under the direction of the Judge of the Court, and such discharge is not a bar to another trial.

The fact that a jury in a criminal case was discharged because unable to agree upon a verdict is no bar to a subsequent trial, because a party indicted is not in jeopardy until a verdict has been rendered.

Appeal from the Criminal Court of Baltimore (WICKES, J.)

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, PAGE and BOYD, JJ.

*Sidney Hall* (with whom was *T. C. Ruddell* on the brief), for the appellant, cited: *Bishop Crim. Law*, 1033–1037; *Exparte, McLaughlin*, 41 Cal. 219; *State* v. *Schuchardt*, 18 Neb. 457.

The case was submitted for the appellee on brief by *Harry M. Clabaugh, Attorney-General,* and *Henry Duffy, State's Attorney for Baltimore City.*

BRISCOE, J., delivered the opinion of the Court.

On the 12th of April, 1897, the appellant, Caleb Anderson, was indicted and tried in the Criminal Court of Baltimore City, for violating the lottery law of the State. Upon this trial the jury was not able to agree and was discharged. Afterwards, on the 9th of June, he was again put upon trial on the same indictment. He filed the following plea: "That the State of Maryland ought not further to prosecute the indictment against him, the said Caleb Anderson, because he saith, that at the January term of the Criminal Court of Baltimore City, to-wit, on the 12th day of April, 1897, this Court ordered him to be put upon his trial on the indictment now pending against him; thereupon a jury was duly sworn to try the issues between the State of Maryland and the defendant, and after said jury heard the testimony in the said cause they retired in charge of a bailiff sworn to attend them; that after the jury had retired to consider their verdict, the Court ordered and directed the Clerk to discharge the jury from the further consideration of the case if they were not able to agree by five o'clock, P. M. ; thereupon the Court adjourned until the next morning at 10 A. M. That Hance W. B. Reed, the Deputy Clerk, so instructed as aforesaid by the Court, at the time ordered by the Court, went to the jury room and inquired if they had agreed upon a verdict, to which they replied that they had not, and said Reed then asked them if it was possible for them to agree upon a verdict, to which they replied it was not. Whereupon the said Hance W. B. Reed discharged the said jury from the further consideration of this case."

The State demurred to this plea and the demurrer was ruled good. The traverser was then tried upon the plea of not guily and being convicted on the fourth and fifth counts of the indictment, has appealed from the judgment entered against him.

The principal question then for us to determine is whether the discharge of the jury upon its failure to agree, in this

case, constitutes a legal bar to a future trial. The law is well settled in this State, since the case of *Hoffman* v. *State*, 20 Md. 432, that the discharge of a jury is a matter of discretion for the Court, and that when in the exercise of a sound discretion, it takes place, it presents no impediment to a second trial.

In the case of *Simmons* v. *United States*, 142 U. S. 149, Mr. Justice Gray, speaking for the Supreme Court upon this question, says that the general rule of law upon the power of the Court to discharge the jury in a criminal case before verdict, was laid down by this Court more than sixty years ago, in a case presenting the question whether a man charged with a capital crime was entitled to be discharged because the jury being unable to agree, had been discharged, without his consent, from giving any verdict upon the indictment. The Court, speaking by Mr. Justice Story, said: " We are of opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think that, in all cases of this nature, the law has invested Courts of Justice with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject, and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances and for very plain and obvious causes, and in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life in favor of the prisoner. But, after all, they have the right to order the discharge, and the security which the public have for the faithful, sound and conscientious exercise of this discretion rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office." *United States* v. *Perez*, 9 Wheat. 579.

And to the like effect are the more recent cases of *Logan* v. *United States*, 144 U. S. 263 ; *Thompson* v. *United States*, 155 U. S. 274. And the English authorities are to the same effect.   *Winson* v. *The Queen*, L. R. 1 Q. B. 289·; 6 *Best & Smith*, 143 and 7 *Best & Smith*, 490.

But even if it be conceded that the question raised by the plea of former jeopardy was reviewable by this Court, it would not avail the traverser here, because there was no verdict by the jury, and no man is in jeopardy until verdict has been rendered.   The error of which the traverser complains, if error at all, only resulted in a mistrial of the case.  *Hoffman* v. *State*, 20 Md. 434 ; *Kearney* v. *State*, 48 Md. 27.   The judgment must, therefore, be affirmed.

*Judgment affirmed with costs.*
(Decided December 2nd, 1897).