JOSEPH WILLIAMS AND RALPH BURCHETT *v.*
STATE OF MARYLAND

[No. 361, September Term, 1972.]

*Decided February 6, 1973.*

The cause was argued before CARTER, GILBERT and SCANLAN, JJ.

*Stephen A. Tarrant,* with whom was *Henry C. Engel, Jr.,* on the brief, for appellants.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Edwin H. W. Harlan, Jr., State's Attorney for Harford County, Florio N. Franetovich* and *Victor J. D'Avella, Assistant State's Attorneys for Harford County,* on the brief, for appellee.

SCANLAN, J., delivered the opinion of the Court.

Appellants, Joseph Williams and Ralph Burchett, were charged in a joint indictment with rape, assault with intent to rape, and assault and battery in the Circuit Court for Harford County.[1] Trial was scheduled before Judge Albert P. Close. Prior to the commencement of trial, appellants moved to challenge the petit jury array, alleging that they had been denied their Sixth Amendment right, as made applicable to the States through the Fourteenth

---

* Note: *Certiorari* denied, Court of Appeals of Maryland, April 23, 1973.

1. A co-defendant, David Shaffer, originally entered an appeal with the appellants. However, Shaffer subsequently requested that his appeal be dismissed and a mandate to that effect was issued on October 4, 1972.

Amendment, to a fair and impartial jury trial, because registered voters between the ages of 18 and 21, who constituted "a large and identifiable segment of the community," had been excluded from the array of prospective jurors. The trial court denied the motion, following which appellants filed an immediate appeal to this Court. The court below refused to stay the proceedings pending the appeal on the ground that its order denying the challenge to the array was a nonappealable, interlocutory order.

On the morning of the trial, appellants moved in open court to dismiss the indictment for lack of a speedy trial. The trial court also denied this motion and the appellants then appealed from that ruling.

On this appeal, appellants contend: (1) that the order denying the motion challenging the array was immediately appealable; (2) that the exclusion of 18 to 21 year old persons from jury service is unconstitutional; and (3) that they were denied a speedy trial. In this Court, the State moved to dismiss the appeal from Judge Close's order denying the motion challenging the petit jury array on the ground that it was an interlocutory order, an appeal from which is premature at this time.

For the reasons discussed below, we dispose of the case by granting the State's motion to dismiss and affirming the decision of the trial court that the appellants have not been denied a speedy trial.

## I

## THE ORDER DENYING THE CHALLENGE TO THE ARRAY WAS A NONAPPEALABLE, INTERLOCUTORY ORDER

Appellants argue that the action of the trial court denying their claim that 18 to 21 year old registered voters had been wrongfully excluded from the jury array was tantamount to the denial of an absolute constitutional right, the denial of which, they argue, is immediately

appealable to this Court. The precise issue has not yet been decided in Maryland. In at least two other jurisdictions it has been held that a defendant's challenge to a jury array is not a final judgment from which an appeal may be taken. *Kitchens v. State,* 144 S.E.2d 368 (Ga. 1965) ; *Green v. State,* 462 P. 2d 994 (Alaska 1969). There is analogy also in our decision in *Greathouse v. State,* 5 Md. App. 675, 249 A. 2d 207 (1969), where we held that an order denying a motion to dismiss indictments on the ground that they were technically defective was an interlocutory ruling from which an immediate appeal would not lie. Very recently, in *Kable v. State,* 17 Md. App. 16, 299 A. 2d 493 (1973),[2] we held that a trial court's denial of a motion to dismiss an information on the ground that the defendant should have been indicted by a grand jury was an interlocutory, nonappealable order. These cases illustrate the long recognized "principle that an appeal in a criminal case is premature until after final judgment, *viz.,* that appeals from interlocutory orders of the trial court in criminal cases are not allowed." *Raimondi v. State,* 8 Md. App. 468, 470, 261 A. 2d 40 (1970) ; *Pearlman v. State,* 226 Md. 67, 172 A. 2d 395 (1961).

However, there is a qualification to the general rule that no appeal lies in a criminal case except from a final judgment, *i.e.,* an action of the trial court which denies an absolute constitutional right, although seemingly interlocutory, will be reviewed, under certain limited circumstances, without requiring the complainant to proceed to final judgment. *McChan v. State,* 9 Md. App. 311, 314, 264 A. 2d 130 (1970). Thus, it is now established that an order denying a motion for a speedy trial is immediately appealable. *Wilson v. State,* 8 Md. App. 299, 259 A. 2d 553 (1969) ; *see also Jones v. State,* 241 Md. 599, 217 A. 2d 367 (1966). We have also permitted an immediate appeal, prior to trial on the merits, from a denial of a motion asserting a violation of the constitu-

---

2. No. 250 September Term, 1972, filed January 31, 1973.

tional right not to be twice placed in jeopardy for the same offense. *Brown v. State,* 2 Md. App. 388, 394, 234 A. 2d 788 (1967) ; *McChan v. State, supra* at 314.

The rationale which supports the qualification of the general prohibition against the appealability of interlocutory orders in criminal cases is the thought that should the defendant in such a case succeed on his motion, he would thereby become entitled to be freed of further proceedings in the cause. *Harris v. State,* 194 Md. 288, 294, 71 A. 2d 36 (1950) ; *Raimondi v. State, supra* at 472. In the case at bar, however, even if it were assumed, *arguendo,* that the jury which was to hear appellants' case was drawn from an array from which a certain class had been unconstitutionally excluded, the way would still be open for the State to re-indict the appellants and have them tried before a jury panel selected from an array free of the alleged unconstitutional taint. In other words, as Judge Close noted, "the rationale of the speedy trial and double jeopardy cases . . . does not apply since a granting of the motion would not [finally] terminate the proceedings" against the appellants.

We decline, therefore, to extend the extremely limited category of exceptions to the general rule that appeals from the interlocutory orders of a trial court in criminal cases are not to be permitted. As we said in *Raimondi v. State, supra* at 476:

> "To hold otherwise would be to sanction that which the court in *Lee v. State, supra,* deemed so distinctly odious—the stopping of criminal trials by filing appeals from interlocutory orders. If the accused in a criminal case could deprive the trial judge of jurisdiction to try and determine his case by taking an appeal from a nonappealable interlocutory order, then he would be vested with the power to 'paralyze the administration of justice in the

[courts] by the simple expedient of doing what the law does not allow him to do, *i.e.*, taking an appeal from an order which is not appealable.' "

Nor can the order denying the challenge to the array be converted into an appealable order by virtue of the fact that it is joined with the appeal of an interlocutory order which is appealable, that is, the trial court's ruling denying the motion for a speedy trial. The precise point appears to be one of first impression in Maryland. At least two other States, however, have repudiated attempts to combine a nonappealable order with an appealable, interlocutory order. *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, 435 S.W.2d 178, 180 (Tex. Civ. App. 1968) ; *Gordon v. Central Park Little Boys League*, 270 Ala. 311, 119 So. 2d 23, 26 (1960). To hold otherwise might presage the outbreak of a rash of spurious motions to dismiss for lack of a speedy trial filed solely for the calculated purpose of laying the ground work for an immediate appeal to which otherwise clearly nonappealable issues would be attached as companions.

Judge Close's order denying the motion challenging the petit jury array was an interlocutory, nonappealable order. Accordingly, the State's motion to dismiss is granted and the appeal of that order is dismissed without prejudice. Rule 1035 (b) (1). In view of our disposition of the appeal of the denial of motion challenging the jury array, we do not reach, and express no opinion on, the merits of the issues raised by the appellants' attack on the jury selection process, including their challenge to the constitutionality of Article 51, Section 6 (b) (viii) of the Maryland Code (1972 Repl. Vol.).

## II

### APPELLANTS WERE NOT DENIED A SPEEDY TRIAL

The appellants were indicted on September 3, 1970. On July 10, 1972, the case came on for trial. On that day,

appellants made an oral motion in open court, claiming that they had been denied a speedy trial. In his memorandum opinion denying their motion, the trial judge set out the history of the litigation as follows:

"July 29, 1970    Offense alleged to have occurred.

Sept. 3, 1970    Indictments issued.

Sept. 8, 1970    Defendant Williams released on bail.

Sept. 9, 1970    Public Defender appointed for Burchette.

Oct. 29, 1970    Defendant Burchette's bond reduced to $5,000.

Nov. 14, 1970    Defendant Burchette released on bond.

Dec. 14, 1970    Appearance of E. Edward Toscani, Esq., for Defendant Shaffer filed.

Discovery proceedings through December and January culminating in a hearing and decision by Judge Dyer on February 1, 1971. There are no docket entries between February 1, 1971 and September 28, 1971. Both the State and the Public Defender agree that failure to advance the case during this period was due to the pregnancy of the prosecuting witness.

Sept. 27, 1971    E. Edward Toscani withdrew his appearance as Attorney for Defendants Shaffer and Williams.

Sept. 28, 1971    Public Defender appointed for Defendant Williams.

Oct. 19, 1971    William K. Connor, Esq., entered his appearance for Defendant Shaffer.

Oct. 19, 1971    Trial continued on Motion of William K. Connor alleging insufficient time to prepare for October 26, 1971 trial date.

The Public Defender testified that although he had been ready for trial since September or October of 1970, he agreed to postpone the trial of his clients as well so that all three could be tried in December.

Oct. 27, 1971    State's petition to compel Defendants to raise objection before trial filed.

Through October and November, the Defendants Williams and Shaffer proceeded with discovery. Also the State petitioned the Court to permit discovery of certain information from the Defendants.

Arguments were heard and concluded on November 15, 1971 and the matter was held sub curia. Testimony indicates that although the State was able to depose a key witness on November 2, 1971, they were unable to affect a return of the signed deposition until February of 1972. The December trial date was never set. On March 20, 1972, the State's October 27, 1971 motion to compel Defendants to raise objections before trial was heard and a ruling reserved pending trial. On April 21, 1972, the State's petition for discovery was granted subject to the condition that it state more specifically what information was sought and that there was no possibility of requiring the Defendants to incriminate themselves. The State did not pursue the Court's invitation any further. There was testimony that a June trial date was contemplated but was never set because of Mr. Connor's Naval Reserve duty. The case was finally set for trial on July 10, 1972."

This Court has had several occasions to analyze in detail, and then apply, the factors or criteria which must be taken into account in determining the validity of the claim that an accused has been denied a speedy trial.

As Judge Gilbert summarized them in *State v. Hunter,* 16 Md. App. 306, 310, 295 A. 2d 779 (1972) :

> "The right to a speedy trial is relative, and the time within which the trial must be had depends on the facts and circumstances of each particular case. *Barker v. Wingo, supra, State v. Lawless,* 13 Md. App. 220, 227, 283 A. 2d 160 (1971) ; *Stevenson v. State,* 4 Md. App. 1, 10-11, 241 A. 2d 174 (1967). The facts and circumstances in each particular case should be viewed in the light of four facts: (1) The length of the delay, (2) The reason for the delay, (3) Prejudice to the accused, and (4) Waiver by the accused."

The "facts and circumstances" of the case at bar provide the strongest support for the trial judge's denial of the oral motion for a speedy trial. It is true that a delay of nearly two years ensued between the time of the indictments and the trial date. However, a very substantial portion of that delay was caused by, or was permitted for the benefit of the appellants. Thus, significant periods of delay were attributable to the discovery proceedings pursued by the appellants and by their changes of counsel. During the entire period between indictment and trial, the appellants were free on bail and thus able to assist in the preparation of their defense. In their brief, appellants were unable to assert any specific prejudice caused by the delay which did occur, and in his oral argument before this Court counsel for the appellants conceded the inability to demonstrate any prejudice to the appellants. Finally, we think it significant that the appellants remained silent for almost two years and attempted to "assert their right to a speedy trial," *Barker v. Wingo,* 407 U. S. 514 (1972), only on the morning of trial in the form of an oral motion.

Under the circumstances of this case, the trial court was correct in holding that the appellants had "waived

their right to a speedy trial." However, whether one talks in terms of "waiver" as the trial court did, or in the language used by Mr. Justice Powell in speaking of a defendant's "failure to assert his right to a speedy trial," *Id.* at 2191, the result is the same in the instant case. The appellants' substantial contributions to the delay which ensued, the lack of any prejudice to the appellants caused by the delay, and the unexplained failure on their part to assert any right to a speedy trial during the period of delay combine to compel the conclusion, as reached by the trial court, that the appellants have not been denied the right to a speedy trial. *State v. Hunter, supra; State v. Lawless,* 13 Md. App. 220, 28£ A. 2d 160 (1971) ; *State v. Hamilton,* 14 Md. App. 582, 287 A. 2d 791 (1972). Their belated motion smacked of an after thought; it was properly denied.

> *Appeal from order denying motion challenging jury array dismissed without prejudice; order denying motion for speedy trial affirmed; costs to be paid by appellants.*