# NEAL *v.* STATE OF MARYLAND

[No. 26 (Adv.), September Term, 1974.]

*Decided July 29, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Murray L. Deutchman, Assigned Public Defender,* with whom were *Bullard & Deutchman, P.A.* on the brief and *Dennis M. Henderson, Assistant Public Defender,* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

The defendant Neal, charged with shoplifting, came on for trial before a jury in the Circuit Court for Montgomery County. At the conclusion of the State's case, the court, sua sponte, declared a mistrial.[1] The defendant thereafter moved to dismiss the charges against her, alleging that a retrial would violate the constitutional prohibition of being twice placed in jeopardy.

From a denial of her motion to dismiss, Neal appealed to the Court of Special Appeals. That court dismissed the appeal in *Neal v. State,* 20 Md. App. 20, 314 A. 2d 710 (1974). We granted certiorari.

The Court of Special Appeals reviewed the cases which discussed the provision of Maryland Code (1974) § 12-301 of the Courts and Judicial Proceedings Article [2] which has been construed to mean that a defendant in a criminal proceeding may appeal only from a final judgment and not from an interlocutory order. The reason for the statutory provision is found in *Lee v. State,* 161 Md. 430, 434, 157 A. 723, 724 (1931):

"If, on a question left to the court's discretion, upon

---

1. The State had marked for identification certain articles alleged to have been stolen by the defendant. When it developed that these were the fruits of a warrantless search, the court granted the defendant's motion to suppress. A mistrial was declared because the articles had been placed within sight of the jury, introduced for identification, and referred to in testimony during the entire trial.

2. Formerly Maryland Code (1957, 1968 Repl. Vol., 1973 Cum. Supp.) Art. 5, § 12.

a suggestion for removal, a prisoner is permitted to take an immediate appeal, then proceedings in every criminal case, great or small, may be stopped and delayed while the accused prosecutes an appeal on this preliminary matter of venue. And this would add just so much to the resources of those who might find vexatious delays advantageous, and would multiply appeals in criminal cases, often when acquittals, in the end, would render them profitless."

An equally well recognized corollary to the rule, however, permits an appeal from a seemingly interlocutory order which denies an absolute constitutional right, *Jones v. State*, 241 Md. 599, 217 A. 2d 367 (1966) (lack of speedy trial); *Pearlman v. State*, 226 Md. 67, 172 A. 2d 395 (1961) (indigent denied free transcript of testimony); *Harris v. State*, 194 Md. 288, 71 A. 2d 36 (1950) (lack of speedy trial); *Lee v. State*, *supra* (constitutional right of removal in capital case; selection of forum to which case is removed discretionary and not subject to immediate appeal).

After acknowledging that an appeal will lie from an interlocutory order which denies the defendant a constitutional right which he has sought to assert, the Court of Special Appeals noted the development of a qualification to the corollary in *Pearlman*. There an appeal was taken from an order denying three convicted defendants, who claimed they were indigent, a free transcript of testimony required by local rule in support of their motion for a new trial. The qualification recognized in the opinion was the principle that an appeal will not lie from an apparently interlocutory order, even though it denies a constitutional right, if the order is based upon the rightful exercise of a trial court's discretion, *e.g.*, a finding of fact that a defendant is not an indigent, even though the result of such an exercise of discretion may cause the denial of a constitutional right. *See Pearlman v. State, supra*, 226 Md. at 71, 172 A. 2d at 397.

Taking this as a bench mark, the Court of Special Appeals concluded that the denial of the motion to dismiss, bottomed

on the contention that the defendant would twice be put in jeopardy, involved the proper exercise of discretion, and was therefore not immediately appealable. *Compare Brown v. State,* 2 Md. App. 388, 393-94, 234 A. 2d 788, 792 (1967); *see also Williams v. State,* 17 Md. App. 110, 114-15, 299 A. 2d 878, 880, *cert. denied,* 268 Md. 746, 755 (1973).

We do not share the view that a determination that double jeopardy does or does not exist involves an exercise of discretion. To us, the defense of double jeopardy is a liminal constitutional issue, raised at the outset, before there is a trial. It can in no way be compared to a finding that a defendant is not in fact indigent. Neither can it be analogized to questions involving the admissibility of evidence, raised during trial, even though constitutional issues are involved.

Once having reached the conclusion that an appeal will lie, we turn to the merits, which can be briefly resolved. The trial judge's function is to see that the defendant has a fair trial. Once he perceives that the trial cannot proceed because of prejudice to the defendant, he has no choice but to declare a mistrial.

In *Illinois v. Somerville,* 410 U. S. 458 (1973), an Illinois trial court had granted a motion for mistrial, over the defendant's objection, after the jury had been impaneled and sworn but before any evidence was taken, because the indictment, which was defective under Illinois law, could not be corrected by amendment. After a valid second indictment, the defendant was tried and found guilty. In the course of an opinion holding that double jeopardy did not attach, Mr. Justice Rehnquist, speaking for the Court, said:

> "A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof

when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court." 410 U. S. at 464.

Although Maryland's constitution contains no provision as regards double jeopardy, our cases hold that protection against double jeopardy is rooted in the common law, *State v. Barger,* 242 Md. 616, 618, 624, 220 A. 2d 304, 305-06, 309 (1966); *Robb v. State,* 190 Md. 641, 650, 60 A. 2d 211, 215 (1948); *Hoffman v. State,* 20 Md. 425, 434 (1863); *see also Anderson v. State,* 86 Md. 479, 38 A. 937 (1897). Under *Hoffman,* the application of the common law rule meant that jeopardy did not attach until there had been a final verdict of either acquittal or conviction, on a valid indictment.[3]

Since the Supreme Court's decision in *Benton v. Maryland,* 395 U. S. 784, 794 (1969), however, the prohibition of double jeopardy contained in the fifth amendment to the Constitution of the United States has been applicable to state court prosecutions under the due process clause of the fourteenth amendment. A definitive review of the Supreme Court cases may be found in *Cornish v. State,* 272 Md. 312, 322 A. 2d 880 (1974). *See also Couser v. State,* 256 Md. 393, 395, 260 A. 2d 334, 335 (1970).

Although jeopardy attached when the jury was sworn, it was dissipated by the declaration of a mistrial, in the absence of any abuse of discretion, *Whitfield v. Warden,* 486 F. 2d 1118 (4th Cir. 1973), *rev'g* 355 F. Supp. 972 (D. Md. 1973); *see also Baker v. State,* 15 Md. App. 73, 289 A. 2d 348, *cert. denied,* 266 Md. 733 (1972), 411 U. S. 951 (1973), where a similar result was reached. It has long been settled that under such circumstances, a defendant is not relieved from further liability, *Cochrane v. State,* 6 Md. 400, 407 (1854); *State v. Sutton,* 4 Gill 494, 498 (Md. 1846),[4] any more than he is when his motion for a new trial is granted, *Ruckle v. State,* 230 Md. 580, 187 A. 2d 836, *cert. denied,* 374 U. S.

---

3. *Compare* Hoffman v. State, 20 Md. 425 (1863) *with* Downum v. United States, 372 U. S. 734 (1963).

4. State v. Sutton, 4 Gill 494 (Md. 1846), was overruled on other grounds in Hechter v. State, 94 Md. 429, 442, 50 A. 1041, 1043 (1902).

816 (1963), or when his conviction is reversed on appeal, *Gray v. State*, 254 Md. 385, 398-99, 255 A. 2d 5, 12 (1969), *cert. denied*, 397 U. S. 944 (1970). *See also United States v. Perez*, 22 U. S. (9 Wheat.) 579 (1824) (where jury, unable to agree on a verdict, was discharged by the court, defendant was not exempted from being retried).

> *Order of Court of Special Appeals vacated; order of trial court affirmed.*
>
> *Costs to be paid by the County Council of Montgomery County.*