## RUCKLE *v.* STATE

[No. 158, September Term, 1962.]

*Decided February 7, 1963.*

The cause was submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

Submitted on brief by *Roland Walker* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Harrison M. Robertson, Jr., Assistant Attorney General, William J. O'Donnell* and *John W. Sause, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted in 1957, jointly with one Davis and one Midgett, on a charge of kidnapping. He was also separately indicted for armed robbery. The three defendants were all tried together. They were all convicted and Ruckle was sentenced to 15 years for kidnapping and 20 years for robbery, to run consecutively. He appealed, but later dismissed his appeal. Midgett appealed and secured a reversal on the ground that the trial court had improperly answered a question propounded by the jury out of the presence of the accused. *Midgett v. State,* 216 Md. 26. On March 9, 1959, Judge Allen granted a motion to dismiss the kidnapping indictment against Midgett. Both he and Ruckle were subsequently re-indicted, although it does not appear the old indictment or judgment against Ruckle was set aside at that time. After a retrial, Midgett was unsuccessful in a second appeal. *Midgett v. State,* 223 Md. 282, *cert. den.* 365 U. S. 853.

Meanwhile, Ruckle filed a petition for post conviction relief in which he was granted a new trial, on May 13, 1959, although he strenuously contended that he was entitled to a release and did not want a new trial. Leave to appeal was denied by this Court. *Ruckle v. Warden,* 220 Md. 683. On March 23, 1962, Ruckle was re-arraigned on the 1959 charge of kidnapping and the 1957 charge of robbery. He was specifically asked if he wanted a new trial, and replied emphatically that he did not and would never agree to one. The verdicts in the 1957 cases were then re-entered and he was sentenced to the same terms of imprisonment as were originally imposed. He appeals here.

The first contention is that because Ruckle filed a motion to quash the kidnapping indictment of 1959, he was entitled to a ruling thereon. If he had been willing to accept a new trial, it may well be that he would have been entitled to insist that the trial court rule upon the validity of the new indictment. But since he declined to stand trial again on that or any other indictment, and the trial court simply re-entered the verdicts upon the 1957 indictments, he cannot be heard to complain of the insufficiency of the 1959 re-indictment for kidnapping. That

indictment is not before us on the present appeal, and we are not concerned with its sufficiency.

The appellant contends that if he had been tried anew he would have been placed in double jeopardy and deprived of a constitutional right. We have repeatedly held that the rule of double jeopardy is not a constitutional right. See *Robb v. State,* 190 Md. 641 and *Moquin v. State,* 216 Md. 524. We have also held that ordinarily where a former trial is set aside because the trial court has committed error, a new trial may be granted, without infringing upon the common-law rule. *Willis v. Warden,* 220 Md. 692, 694 and cases cited. It was also pointed out in the *Willis* case that where a new trial is declined, a petitioner is not entitled to release. See also *State v. D'Onofrio,* 221 Md. 20, 26. That was also the holding affirmed by this Court in *Ruckle v. Warden, supra,* 220 Md. 683.

Whatever the reasons for his refusal to accept a new trial (we might infer from some of his testimony that he feared a heavier sentence or at least no more favorable result), we think the action taken by the court below can be supported on the theory of abandonment or waiver. Possibly the court could have insisted that the State go on with its case despite the protests of the defendant, who would hardly be the first objector to criminal process. But there is authority for the proposition that after a seasonable abandonment, or attempt to abandon, a motion for a new trial, a new trial may not be forced upon a defendant, *People v. McGrath,* 96 N. E. 92 (N.Y.). We think the appellant's refusal to accept the only remedy then available was, in effect, a withdrawal of his original application for post conviction relief. The holding that he was not entitled to release had become the law of the case. His only available choice was between a new trial or a return to the status quo. Refusal to accept the former was tantamount to a selection of the latter. It was implicit in the order striking out the judgments and sentences and granting a new trial on each charge that it was conditional upon the acceptance of a new trial. The action of the trial judge in reinstating the judgments and sentences was merely a recognition of the conditional nature of the order.

Other points sought to be raised by the appellant of his own motion are mere variations upon the points argued by his court-appointed counsel. We see no occasion to discuss them further.

*Judgments affirmed.*