UNITED STATES of America,
Plaintiff-Appellant,

v.

Nelson E. "Buck" SANFORD et al.,
Defendants-Appellees.

No. 73–3016.

United States Court of Appeals,
Ninth Circuit.

May 27, 1976.

Keith L. Burrowes, Asst. U.S. Atty. (argued), Billings, Mont., for plaintiff-appellant.

Ralph S. Wright (argued), and S. Frank Kampfe (argued), Billings, Mont., for defendants-appellees.

OPINION

Before MERRILL, TRASK and SNEED, Circuit Judges.

MERRILL, Circuit Judge:

This appeal by the Government from an order dismissing indictment is back before us on remand from the Supreme Court of the United States. When it was before us the first time, 503 F.2d 291 (9th Cir.1974), we held that the Government could not appeal dismissal of the indictment against appellees under 18 U.S.C. § 3731,[1] since further prosecution would place them twice in jeopardy. Writ of certiorari was granted by the United States Supreme Court, resulting in an order vacating our judgment and remanding the cause "for further consideration in the light of *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)." 421 U.S. 996, 95 S.Ct. 2392, 44 L.Ed.2d 663 (1975).

The facts on the basis of which the district court ordered dismissal of the indictment are discussed in our earlier opinion. It suffices here to say that trial of appellees resulted in a hung jury and declaration of mistrial, and that prior to retrial the district

1. That section authorizes appeal by the Government "from a decision, judgment, or order of a district court dismissing an indictment or information * * * except that no

appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

court granted appellees' motion to dismiss the indictment. Relying on evidence presented at the trial the court ruled as matter of law that the Government, through its authorized agents, had given its consent to the actions of appellees on which the indictment was based.

In *Serfass v. United States, supra,* the indictment, charging refusal to submit to induction into the armed forces, was dismissed prior to trial on the ground that the Selective Service file disclosed a prima facie case for relief. The Court, at 387, 95 S.Ct. at 1062, quoted *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), to the effect that: " 'The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense . . . .' " The Court ruled:

> "Under our cases jeopardy had not yet attached when the District Court granted petitioner's motion to dismiss the indictment. Petitioner was not then, nor has he ever been, 'put to trial before the trier of facts.' * * * Petitioner had not waived his right to a jury trial * * *. In such circumstances, the District Court was without power to make any determination regarding petitioner's guilt or innocence. * * * At no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny that motion, and neither before nor after the ruling did jeopardy attach."

420 U.S. at 389, 95 S.Ct. at 1063. The Court accordingly held that the Double Jeopardy Clause did not bar appeal by the United States under § 3731.

That ruling, however, does not apply to the case now before us. Here appellees have undergone trial. There is no question but that jeopardy has attached. That being so, and since the proceedings in the district court have ended in appellees' favor and the consequences of a reversal in favor of the Government would be that appellees must be tried again, we conclude that they would, on retrial, be placed twice in jeopardy. In this we rely upon two recent decisions of the Supreme Court handed down shortly before *Serfass* and after our earlier decision: *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975), and *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

In *Wilson,* trial had resulted in a guilty verdict. Defendant had made a pretrial motion to dismiss the indictment upon the ground of delay in bringing him to trial. The motion had been denied. Following trial he had filed various motions, including ones for arrest of judgment and judgment of acquittal. The district court reversed its earlier ruling and dismissed the indictment on the ground that the preindictment delay was unreasonable and had prejudiced the defendant's right to a fair trial. The Supreme Court held appellate review of this determination was not barred since the defendant would not have to undergo a second trial; reversal on appeal would merely serve to reinstate the guilty verdict. The Court stated: "[W]e agree with the Government that the constitutional protection against Government appeals attaches only where there is a danger of subjecting the defendant to a second trial for the same offense * * * * " 420 U.S. at 336, 95 S.Ct. at 1018. Discussing the importance of avoiding this danger, the Court said:

> "The policy of avoiding multiple trials has been regarded as so important that exceptions to the principle have been only grudgingly allowed. Initially, a new trial was thought to be unavailable after appeal, whether requested by the prosecution or the defendant. See *United States v. Gilbert,* 25 F.Cas. 1287 (No. 15,204) (CCD Mass. 1834) (Story, J.). It was not until 1896 that it was made clear that a defendant could seek a new trial after conviction, even though the Government enjoyed no similar right. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300."

*Id.* at 343, 95 S.Ct. at 1022 (footnote omitted).

In *Jenkins,* a full trial to the court without jury had been had and findings of fact had been made by the court. A question was presented by the fact that the law of the circuit at the time of the offense had, since the offense, been changed by a decision of the Supreme Court. The district court ruled that the Supreme Court decision should not be given retroactive effect and dismissed the indictment under the former circuit rule. The Government appealed, seeking reversal of this ruling. With reference to the Government's position, the Court stated:

"If the court prepares special findings of fact * * * it may be possible upon sifting those findings to determine that the court's finding of 'not guilty' is attributable to an erroneous conception of the law whereas the court has resolved against the defendant all of the factual issues necessary to support a finding of guilt under the correct legal standard. The Government argues that this is essentially what happened in this case."

420 U.S. at 367, 95 S.Ct. at 1011. The Court rejected this argument, saying:

" * * * a determination by the Court of Appeals favorable to the Government on the merits of the retroactivity issue tendered to it by the Government would not justify a reversal with instructions to reinstate the general finding of guilt: there was no such finding, in form or substance, to reinstate."

*Id.* at 368, 95 S.Ct. at 1012.

Further discussing the Government's position, the Court stated:

"The Government suggests two possible theories, each of which would go beyond our holding in *Wilson,* for permitting an appeal even though the trial proceedings did not result in either a verdict or a finding of guilt. First, the Government suggests that 'whether a new trial must follow an appeal is always a relevant consideration,' but no more; the Double Jeopardy Clause is not an absolute bar in such a situation. Second, at least in a bench trial setting, the Govern-

ment contends that the concept of 'trial' may be viewed quite broadly. If, in a bench trial, a judge has ruled in favor of the defendant at the close of the Government's case on an erroneous legal theory, the Government ought to be able to appeal; if the appeal were successful, any subsequent proceedings, including, presumably, the reopening of the proceeding for the admission of additional evidence, would merely be a 'continuation of the first trial.' This theory would also permit remanding a case to the District Court for more explicit findings.

We are unable to accept the Government's contentions. Both rest upon an aspect of the 'continuing jeopardy' concept that was articulated by Mr. Justice Holmes in his dissenting opinion in *Kepner v. United States,* 195 U.S., [100] at 134–137, [49 L.Ed. 114] but has never been adopted by a majority of this Court."

*Id.* at 368–69, 95 S.Ct. at 1012 (footnotes omitted).

The Court concluded:

"Here there was a judgment discharging the defendant, although we cannot say with assurance whether it was, or was not, a resolution of the factual issues against the Government. But it is enough for purposes of the Double Jeopardy Clause, and therefore for the determination of appealability under 18 U.S.C. § 3731, that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand. Even if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial which could have resulted in a judgment of conviction has long since terminated in respondent's favor. To subject him to any further proceedings at this stage would violate the Double Jeopardy Clause."

*Id.* at 369–70, 95 S.Ct. at 1013.

On the basis of this authority we conclude that reversal here would subject ap-

pellees to double jeopardy, and that the appeal accordingly must be dismissed under 18 U.S.C. § 3731.

It is of no consequence that retrial on remand here would be necessitated not by alleged judicial intervention and error but by the fact that the jury on the first trial was unable to agree. We recognize that at that point, following mistrial, retrial would not have constituted double jeopardy, even without consent of appellees, since "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 9 Wheat. 579, 580, 6 L.Ed. 165 (1824). Without retrial the judicial process would be frustrated; the dispute would be at stalemate. Here, however, mistrial was followed by a judicial action terminating the trial in appellees' favor. As the Court noted in *Jenkins*: "* * * it is of critical importance whether the proceedings in the trial court terminate in a mistrial * * * or in the defendant's favor * * *." 420 U.S. at 365, n. 7, 95 S.Ct. at 1011.

Appeal dismissed.