## UNITED STATES *v.* SANFORD ET AL.

No. 75–1867. Decided October 12, 1976

PER CURIAM.

Respondents were indicted for illegal game hunting in Yellowstone National Park. A jury trial in the United States District Court for the District of Montana resulted in a hung jury, and the District Court declared a mistrial. Four months later, while the Government was preparing to retry them, respondents moved to dismiss the indictment. The District Court, agreeing that the Government had consented to the activities which formed the basis of the indictment, dismissed it. The Government's appeal pursuant to the Criminal Appeals Act, 18 U. S. C. § 3731,[1] was dismissed by the Court of Appeals because that court thought retrial was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Government petitioned for certiorari, and we vacated the judgment of the Court of

[1] The Criminal Appeals Act provides in pertinent part:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

Appeals and remanded for further consideration in the light of our intervening decision in *Serfass* v. *United States,* 420 U. S. 377 (1975). 421 U. S. 996 (1975).

On remand, the Court of Appeals, considering the trilogy of *Serfass, supra, United States* v. *Wilson,* 420 U. S. 332 (1975), and *United States* v. *Jenkins,* 420 U. S. 358 (1975), adhered to its prior determination. The Government now seeks certiorari from that ruling.

The reasoning of the Court of Appeals is best summarized by this language from its opinion:

> "Here appellees have undergone trial. There is no question but that jeopardy has attached. That being so, and since the proceedings in the district court have ended in appellees' favor and the consequences of a reversal in favor of the Government would be that appellees must be tried again, we conclude that they would, on retrial, be placed twice in jeopardy." 536 F. 2d 871, 872 (CA9 1976).

We agree with the Court of Appeals that jeopardy attached at the time of the empaneling of the jury for the first trial of respondents. But we do not agree with that court's conclusion that by reason of the sequence of events in the District Court the Government would be barred by the Double Jeopardy Clause from retrying respondents. The trial of respondents on the indictment terminated, not in their favor, but in a mistrial declared, *sua sponte,* by the District Court. Where the trial is terminated in this manner, the classical test for determining whether the defendants may be retried without violating the Double Jeopardy Clause is stated in Mr. Justice Story's opinion for this Court in *United States* v. *Perez,* 9 Wheat. 579, 580 (1824):

> "We are of opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think, that in all cases of this nature,

16

the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."

The Government's right to retry the defendant, after a mistrial, in the face of his claim of double jeopardy is generally [2] governed by the test laid down in *Perez, supra.* The situation of a hung jury presented here is precisely the situation that was presented in *Perez, supra,* and therefore the Double Jeopardy Clause does not bar retrial of these respondents on the indictment which had been returned against them.

The District Court's dismissal of the indictment occurred several months after the first trial had ended in a mistrial, but before the retrial of respondents had begun. This case is, therefore, governed by *United States* v. *Serfass, supra,* in which we held that a pretrial order of the District Court dismissing an indictment charging refusal to submit to induction into the Armed Forces was appealable under 18 U. S. C. § 3731. The dismissal in this case, like that in *Serfass,* was prior to a trial that the Government had a right to prosecute and that the defendant was required to defend. Since in such cases a trial following the Government's successful appeal of a dismissal is not barred by double jeopardy, an appeal from the dismissal is authorized by 18 U. S. C. § 3731.

The petition for certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL dissent from summary reversal. They would set the case for oral argument.

[2] If the mistrial is declared at the behest of the defendant, the manifest necessity test does not apply. See *United States* v. *Dinitz,* 424 U. S. 600 (1976).