# MARVIN EDWARD HUNTER, JR. *v.* STATE OF MARYLAND

[No. 275, September Term, 1977.]

*Decided November 15, 1977.*

The cause was submitted on briefs to MOYLAN, MENCHINE and LOWE, JJ.

Submitted by *William T. Wood* and *Hyman Shapiro* for appellant.

Submitted by *Francis B. Burch, Attorney General, Kathleen M. Sweeney, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Thomas Heeney, Assistant State's Attorney for Montgomery County,* for appellee.

MENCHINE, J., delivered the opinion of the Court.

Marvin Edward Hunter, Jr. came to trial before a jury in the Circuit Court for Montgomery County on November 9, 1976, under a twelve count indictment.

The indictment, in counts one through eight,[1] had charged the following offenses:

1. Storehouse breaking in violation of Code Article 27, § 32 (Breaking with intent to steal 100.00 or more);
2. Storehouse breaking in violation of Article 27, § 33 (Breaking and stealing 5.00 or more);
3. Storehouse breaking in violation of Article 27, § 342 (Breaking with intent to steal less than 100.00 or stealing 5.00 or more);
4. Grand Larceny (Common Law with Article 27, § 340);
5. Petit Larceny (Common Law with Article 27, § 341);
6. Receiving 100.00 or more (Common Law with Article 27, § 466);

---

1. The indictment included four additional counts relating to a separate offense. Those counts have no bearing upon the issue in this appeal.

7. Receiving less than 100.00 (Common Law with Article 27, § 467);

8. Destruction of Property (Article 27, § 111).

In the course of trial on November 9, 1976, after the jury had been sworn, the State nol-prossed counts 2, 3, 5, 6, and 7. Counts 1, 4, and 8 ultimately were submitted to the jury for decision. A mistrial was declared when the jury failed to agree. Manifest necessity for the mistrial is not contested.

Such was the posture of the case when on February 18, 1977, Hunter filed a motion to dismiss counts 1, 4 and 8 upon double jeopardy grounds. After hearing on March 4, 1977, the motion to dismiss was denied. This appeal immediately followed.[2]

Appellant contends that submission of counts 1, 4 and 8 to a new jury at a retrial would contravene his right "[not to] be subject for the same offense to be twice put in jeopardy." Fifth Amendment United States Constitution. We reject the contention.

We are mindful that it is now beyond cavil that entry of a *nolle prosequi* without the defendant's consent after jeopardy has attached generally operates as an acquittal, precluding further prosecution for the same offense, *Blondes v. State,* 273 Md. 435, 443, 330 A. 2d 169, 173 (1975), and that it is equally well settled that in a jury trial, jeopardy attaches when a jury is empaneled and sworn. *Serfass v. United States,* 420 U. S. 377, 388, 95 S. Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975); *Jourdan v. State,* 275 Md. 495, 507, 341 A. 2d 388, 395 (1975).

These well established rules of law do not aid the appellant in the circumstances of the subject case.

In *Bynum v. State,* 277 Md. 703, 357 A. 2d 339, *cert. denied,* 429 U. S. 899 (1976), the State, after the jury was sworn, had entered a *nolle prosequi* as to a lesser count (robbery). The appellant contended that such action barred,

---

**2.** Immediate appeal in such case is permissible. Abney v. United States, 431 U. S. 651, 97 S. Ct. 2034, 52 L.Ed.2d 651 (1976); Neal v. State, 272 Md. 323, 322 A. 2d 887 (1974).

on double jeopardy grounds, submission to the jury of a count charging a greater offense (armed robbery). The contention was rejected. In the course of the opinion in *Bynum*, Judge Levine, speaking for the Court of Appeals, said at 709 [342]:

"... The removal from consideration by the jury of the lesser offense had the salutary effect of clarifying the issues to be decided, an effect which could only accrue to the fairness of the trial. The same result would have obtained had the court, rather than the prosecutor, dismissed the robbery charge by granting partial judgment of acquittal.

"We therefore hold that the *double jeopardy prohibition*, though barring subsequent prosecution for offenses charged in counts dismissed by a *nolle prosequi* entered without the consent of the accused after jeopardy has attached, *has no application in the context of the same prosecution which continues on other counts*." (Emphasis added.)

Here, as in *Bynum*, the removal from consideration of the other charges clarified the issues involved.

As we see it, the single difference between *Bynum* and the subject case is this: in *Bynum* the jury resolved the submitted issue; in the subject case the jury was unable to agree and a mistrial followed.

Does this difference alter the impact of the decision in *Bynum* upon the subject case? We think not.

It is crystal clear that the Fifth Amendment right to freedom from exposure to double jeopardy is not offended by retrial in such circumstances. That principle was first stated in *United States v. Perez*, 9 Wheat. 579, 6 L. Ed. 165 (1824), wherein Mr. Justice Story for the Supreme Court, said at 579:

"The prisoner, Josef Perez, was put upon trial for a capital offense, and the jury, being unable to agree, were discharged by the court from giving any verdict upon the indictment, without the

consent of the prisoner, or of the attorney for the United States. The prisoner's counsel, thereupon, claimed his discharge as of right, under these circumstances; and this forms the point upon which the judges were divided. The question, therefore, arises, whether the discharge of the jury by the court from giving any verdict upon the indictment, with which they were charged, without the consent of the prisoner, is a bar to any future trial for the same offense. If it be, then he is entitled to be discharged from custody; if not, then he ought to be held in imprisonment until such trial can be had. We are of opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."

The continuing validity of the rule is demonstrated by *United States v. Sanford*, 429 U. S. 14, 97 S. Ct. 20, 50 L.Ed.2d 17 (1976). In *Sanford*, a jury trial in the United States District Court for the District of Montana resulted in a hung jury, and the District Court declared a mistrial. Four months later, while the Government was preparing to retry them, respondents moved to dismiss the indictment. The District Court, agreeing that the Government had consented to the activities which formed the basis of the indictment, dismissed it. The United States Court of Appeals for the Ninth Circuit affirmed (536 F. 2d 871), saying:

"Here appellees have undergone trial. There is no question but that jeopardy has attached. That being so, and since the proceedings in the district court have ended in appellees' favor and the consequences of a reversal in favor of the Government would be

that appellees must be tried again, we conclude that they would, on retrial, be placed twice in jeopardy." 536 F. 2d at 872.

The Supreme Court reversed, saying at 429 U. S. 15, 97 S. Ct. 21, 50 L.Ed.2d 19-20:

> "We agree with the Court of Appeals that jeopardy attached at the time of the empanelling of the jury for the first trial of respondents. But we do not agree with that court's conclusion that by reason of the sequence of events in the District Court the Government would be barred by the Double Jeopardy Clause from retrying respondents. The trial of respondents on the indictment terminated not in their favor, but in a mistrial declared, sua sponte, by the District Court. Where the trial is terminated in this manner, the classical test for determining whether the defendants may be retried without violating the Double Jeopardy Clause is stated in Mr. Justice Story's opinion for this Court in United States v Perez, 9 Wheat 579, 580, 6 L Ed 165 (1824):
>
>> 'We are of the opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put on his defence. We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.'
>
> "The Government's right to retry the defendant, after a mistrial, in the face of his claim of double jeopardy is generally governed by the test laid down in Perez, supra. The situation of a hung jury

presented here is precisely the situation that was presented in Perez, supra, and therefore the Double Jeopardy Clause does not bar retrial of these respondents on the indictment which had been returned against them." (Footnote omitted.)

We note that from *Perez* through *Sanford,* both *supra,* that the trial court is invested with the authority to discharge a jury upon their failure to agree whenever there is a manifest necessity for the act. We have previously observed that manifest necessity for the mistrial is not contested.

We consider *Neal v. State,* 272 Md. 323, 322 A. 2d 887 (1974), to be persuasive on the point. In *Neal* it was said at 327-28 [889-90]:

> "Although jeopardy attached when the jury was sworn, it was dissipated by the declaration of a mistrial, in the absence of any abuse of discretion, *Whitfield v. Warden,* 486 F. 2d 1118 (4th Cir. 1973), *rev'g* 355 F. Supp. 972 (D. Md. 1973); *see also Baker v. State,* 15 Md. App. 73, 289 A. 2d 348, *cert. denied,* 266 Md. 733 (1972), 411 U. S. 951 (1973), where a similar result was reached. It has long been settled that under such circumstances, a defendant is not relieved from further liability, *Cochrane v. State,* 6 Md. 400, 407 (1854); *State v. Sutton,* 4 Gill 494, 498 (Md. 1846), any more than he is when his motion for a new trial is granted, *Ruckle v. State,* 230 Md. 580, 187 A. 2d 836, *cert. denied,* 374 U. S. 816 (1963), or when his conviction is reversed on appeal, *Gray v. State,* 254 Md. 385, 398-99, 255 A. 2d 5, 12 (1969), *cert. denied,* 397 U. S. 944 (1970). *See also United States v. Perez,* 22 U. S. (9 Wheat.) 579 (1824) (where jury, unable to agree on a verdict, was discharged by the court, defendant was not exempted from being retried)."

Trial of the accused under the remaining counts of the same indictment following mistrial constitutes a continuing

118

prosecution of the same indictment and offends against no constitutional right of the accused.

*Order denying motion to dismiss affirmed.*
*Costs to be paid by appellant.*