UNITED STATES, Petitioner,

v.

David R. KINNEER Major (0–4) U. S. Marine Corps Special Court-Martial Military Judge, Respondent.

Misc. Docket No. 79–11.

U. S. Navy Court of Military Review.

14 June 1979.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

PER CURIAM:

The United States of America petitions this Court for an order reversing the decision of respondent military judge which dismissed Charge I and the specification thereunder in the case of *United States v. Lance Corporal Thomas W. Saxon, USMC,* on the ground that respondent's decision went beyond the facts and law of record and amounted to a usurpation of power. Petitioner articulates two issues, with an affirmative response to each requisite for the petitioned relief:

1. Does the United States Navy Court of Military Review have All-Writs Act jurisdiction to entertain the merits of a Government petition for extraordinary relief which seeks a Writ of Mandamus to reverse a ruling by a trial judge when such ruling will preclude absolutely a trial on the merits and thus forestall the exercise of the appellate jurisdiction?

2. Did the decision by the trial judge dismissing the Charge and specification on the grounds that an order to submit a urinalysis test is illegal go beyond the facts and law of record and amount to a usurpation of power in the case?

We do not reach either issue presented because we determine the disposition of the proceedings in this case involved a determination of the merits by the military judge. The petition is therefore dismissed.

At an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session, with a single Charge and specification remaining before the subject court-martial, defense counsel moved to dismiss the speci-

fication, based on illegality of the order alleged to have been violated. The subject specification asserted that the accused received a lawful command from a superior commissioned officer to take a urinalysis test and willfully disobeyed the same by refusing to urinate in a specimen bottle, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

The respondent military judge determined it necessary to take evidence on the issue and concluded that, as the same Government witness would provide essentially identical evidence on both the motion and the merits, for economy the respondent would defer ruling on the motion until conclusion of the Government's case. Thereupon, following a motion for specificity which was granted, the trial proceeded to the merits, the Government called its witness, and upon completion of its case, rested. The trial defense counsel then renewed its motion to dismiss and offered various bases in support thereof, the last of which, maintaining the order was violative of Article 31(a) of the Uniform Code of Military Justice, 10 U.S.C. 831(a), was accepted and the Charge and specification dismissed by respondent.

Petitioner argues respondent's decision ultimately turned on an incorrect interpretation of *United States v. Ruiz,* 23 U.S.C. M.A. 181, 48 C.M.R. 797 (1974). *Ruiz* held the Army's urinalysis program to be contrary to Article 31, Uniform Code of Military Justice, because, although the results could not be used in any disciplinary action under the Uniform Code of Military Justice or as the basis for an administrative discharge under other than honorable conditions, it would have been permissible in the Army's program to separate the individual with a general (less than honorable) discharge. Petitioner notes that this possibility of a less-than-honorable discharge was eliminated prior to the subject court-mar-

tial by a revision in Department of Defense policy, implemented in SECNAVINST 5355.1A, OPNAVINST 5355.1 and MCO 5355.2. Respondent's reliance on *Ruiz* without consideration of existing revisions in the urinalysis program, petitioner argues, has created erroneous precedent within the judicial circuit, thereby effectively terminating the urinalysis program.

While the petitioner's reasoning may appear valid,[1] this Court is constrained in the exercise of its extraordinary powers by the record of proceeding and its resultant effect, under the Uniform Code of Military Justice, upon the various rights of the parties.

■■■ Under Article 44, Uniform Code of Military Justice, 10 U.S.C. § 844, jeopardy attaches after introduction of evidence on the general issue and before the verdict. *See* H. Moyer, Justice and the Military § 2–715 (1972). Although the defense offered its motion to dismiss as a motion in bar of trial, *see* paragraph 68, *Manual for Courts-Martial, United States, 1969* (Revised edition), the respondent military judge determined that the same factual inquiry which would be necessary on the merits would also be required for disposition of the motion (R. 12). Because the substance of the motion was the allegation that the order at issue was illegal, and as the Government bore the burden of establishing the lawfulness of the order as an element of the offense on the merits of the case, by ordering the Government to proceed with the presentation of its case, the military judge, in reality, determined to treat the motion as one in the nature of a defense on the merits.[2] The Government put forth its entire case and rested (R. 28). The disposition effected by the respondent following this point in the trial was akin to the granting of a motion for a finding of not guilty. *Compare* paragraph 71, *Manual for Courts-*

---

1. Beyond the logic of its argument, petitioner would appear to be supported in *Committee For G. I. Rights v. Callaway,* 370 F.Supp. 934 (D.D.C.1974), *rev'sd,* 171 U.S.App.D.C. 73, 518 F.2d 466 (1975).

2. "If there is a factual dispute as to whether or not the order was lawful, that dispute must be resolved by the court members in connection with their determination of guilt or innocence." Military Judges' Guide, D.A. Pam. No. 27–9, 4–29 (May 1969).

*Martial, United States, 1969* (Revised edition) with paragraph 68, *Manual for Courts-Martial, United States, 1969* (Revised edition).

Although the respondent did not enter findings of not guilty, his action in dismissing the Charge and specification amounted to a determination that the element of the accused's duty to obey the order, *i. e.,* its lawfulness, was not established by the Government. Dismissal may be equivalent to a finding of not guilty, for purposes of attachment of jeopardy, when a trial judge makes a determination on the general issue in taking an action favorable to the accused. *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). *Compare United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) with *United States v. Sanford,* 536 F.2d 871 (9th Cir. 1976).

By our determination that a decision on the merits occurred and that jeopardy attached in the proceedings below, we conclude that we are foreclosed from considering the instant petition and hereby order it dismissed.

CEDARBURG, Chief Judge, and FERRELL and PRICE, Judges, concur.