**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor Elaine BROWN,
Defendant-Appellant.**

**No. 81–1081.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 2, 1982.

Decided April 28, 1982.

Gershwin A. Drain, Detroit, Mich., for defendant-appellant.

Richard A. Rossman, U. S. Atty., Elizabeth Wild, Michael C. Leibson, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The sole issue on this appeal is whether the Double Jeopardy Clause of the Fifth Amendment to the Constitution bars the retrial of a criminal defendant following a trial which resulted in a hung jury. We affirm the decision of District Judge Anna Diggs Taylor that a retrial is not barred under these circumstances.

The appellant, a bank employee, was indicted by a federal grand jury for misapplying bank funds in violation of 18 U.S.C. §§ 2 and 656. Her jury trial commenced on October 30, 1979, with District Judge Julian A. Cook presiding. On November 8, 1979, after almost two days of deliberation, the jury announced that it was hopelessly deadlocked. Judge Cook declared a mistrial.

The case was reassigned to Judge Taylor. The appellant filed a motion to dismiss the indictment on the ground that the retrial was barred by the Double Jeopardy Clause. Judge Taylor denied the motion. This appeal followed.

Appellant recognizes that there have been a number of Supreme Court decisions, including an opinion written in 1976, *United States v. Sandford*, 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976) (per curiam), which have rejected her contention. Appellant asserts, however, that all of these decisions are based upon an improper premise, an erroneous interpretation of the holding of *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).

The Supreme Court, appellant asserts, consistently has misread *Perez*. She argues that Justice Story's opinion in *Perez* addressed the right of the trial judge to dismiss a hung jury; he never mentioned the Constitution or the Fifth Amendment. Since, in the era of the *Perez* decision, jeopardy did not attach until a verdict had been returned, appellant's argument is that Justice Story never considered the Fifth Amendment when writing the opinion in *Perez*. Upon this premise appellant asserts that there is "an appearance of settled case law in this area that in fact never existed."

Appellant's argument and analysis rely upon an article by Wayne State Associate Professor Janet E. Findlater, *Reprosecution Following a Hung Jury: The Double Jeopardy Problem*, 129 U.Pa.L.Rev. 701 (1981). Although we find Professor Findlater's article a scholarly and well written work, we agree with Justice Stewart's observation in *Crist v. Bretz*, 437 U.S. 28, 34 n.10, 98 S.Ct. 2156, 2160 n.10, 57 L.Ed.2d 24 (1978), that "to cast new light on *Perez* at this late date would be of academic interest only." This court must follow Supreme Court precedent, not law review articles expressing contrary views.

It cannot be doubted that a genuinely deadlocked jury is a classic example of "manifest necessity" which allows the reprosecution of a criminal defendant without violating the Double Jeopardy Clause of the Fifth Amendment. *See United States v. DiFrancesco*, 449 U.S. 117, 130, 101 S.Ct.

**28**

426, 433, 66 L.Ed.2d 328 (1980). The contention of appellant that "Double Jeopardy policies and principles" indicate that it is improper to retry an accused after a hung jury is contrary to well established precedent.

Affirmed.