946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy A. HANSEN, Defendant-Appellant.
 No. 90-5077.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 1, 1991.
Decided Oct. 7, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-89-109-N)
 Christopher Patrick Shema, Tolerton & Brown, PC, Norfolk, Va., for appellant.
 Henry E. Hudson, United States Attorney, Kevin Michael Comstock, Special Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roy Hansen was convicted by a jury of simple possession of cocaine in violation of 21 U.S.C. § 844. He was sentenced to six months imprisonment, a fine of $1000, and one year of supervised release. Hansen now appeals his conviction.
 
 
 2
 Counsel for Hansen filed a motion and brief in this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which he requests permission to withdraw as attorney for the appellant on the ground that there are no arguable issues of merit in this appeal. Hansen has filed a supplemental pro se brief raising a double jeopardy claim and a number of claims of ineffective assistance of counsel. In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We briefly address the issue raised by counsel.
 
 
 3
 Counsel contends that the district court erred in denying Hansen's motion to suppress the evidence seized from his locker on board the U.S.N.S. Rigel. The Rigel, which is a part of the Military Sealift Command, Atlantic, and part of the operating force of the United States Navy, was undergoing a routine inspection aided by drug-sniffing dogs on the order of the Commander of the Military Sealift Command. Such inspections are authorized by Navy Regulations, which carry the force of law. Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 891 (1961); United States v. Middleton, 10 M.J. 123 (CMA 1981); Navy Reg. Art. 0847; Military Rule of Evidence 313. Where such regulatory inspections further urgent federal interests, and the possibilities of abuse and the threat to privacy are not of impressive dimensions, the inspections may proceed without a warrant where specifically authorized by statute. United States v. Biswell, 406 U.S. 311, 315 (1972).
 
 
 4
 Hansen had no privacy interest in his stateroom. See United States v. Battles, 25 M.J. 58 (CMA 1987). However, his privacy interest in his locked locker was greater, and a search under the regulatory framework could be unreasonable absent a finding of probable cause by the captain or master charged with ensuring the fitness of his ship and personnel. See Middleton, 10 M.J. at 135. Here, the captain was informed of the drug dog's qualifications, and he was told that the dog had alerted on Hansen's locker. Probable cause to search the locker for illegal drugs could be found on these facts. We therefore find no error in the district court's denial of the motion to suppress.
 
 
 5
 We also reject Hansen's supplementary claims. His retrial on the superseding indictment did not constitute double jeopardy. See United States v. Sanford, 429 U.S. 14 (1976). Furthermore, ineffective assistance claims should be raised in a 28 U.S.C. § 2255 motion. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964 (Plan ). These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel must prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Plan, V.2. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 7
 Because the record discloses no reversible error, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.