Weng v. Sessions

BIA
Balasquide, IJ
A087 978 578

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

QI QING WENG,
> *Petitioner,*

> v.                                                   16-2503
>                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Jay Ho Lee, New York, NY.

**FOR RESPONDENT:**        Chad A. Readler, Acting Assistant
                           Attorney General; Justin R. Markel,
                           Senior Litigation Counsel; Brooke M.
                           Maurer, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Qing Weng, a native and citizen of the People's Republic of China, seeks review of a June 20, 2016, decision of the BIA affirming a January 5, 2015, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Qing Weng,* No. A 087 978 578 (B.I.A. June 20, 2016), *aff'g* No. A 087 978 578 (Immig. Ct. N.Y. City Jan. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse "credibility determination on the demeanor, candor, or responsiveness of the applicant" or on inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of

2

whether any such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is supported by substantial evidence.

We defer to the IJ's conclusion that Weng's demeanor undermined his credibility. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, the record supports the IJ's conclusion that Weng was non-responsive and inconsistent when asked for details of his proselytizing, and when and why he applied for asylum. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Nor is Weng's explanation for his silences and inability to recall details compelling because it did not resolve why he was able to answer other questions involving his religious practice. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("[A] petitioner must do more than offer a plausible explanation for his

inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

To the extent Weng raises an issue regarding his competency, we discern no error in the agency's conclusion that he was competent. He was counseled, he submitted no medical evidence, and he testified that he understood his baptism classes. Although the IJ did not explicitly discuss Weng's level of education, his lack of formal education would not explain why he had difficulty answering questions about his own practice of Christianity.

In addition to Weng's lack of responsiveness, his inconsistencies about when and why he applied for asylum undermined the sincerity of his claim. Weng initially testified that he applied for asylum because he was afraid of persecution as a Christian in China, but later acknowledged that he decided to apply for asylum before ever attending a church. This suggests that Weng manufactured his asylum claim and casts the sincerity of his belief into doubt. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d. Cir. 2013) ("To establish eligibility for asylum, an applicant must show that he or she . . . has a well-founded fear of future persecution, on account of . . . religion."); *id*. at 338(noting that particular asylum claims

4

arising from actions taken in the United States "may be especially easy to manufacture"); *see also* 8 U.S.C. § 1101 (a)(42).

Overall, the inconsistencies and lack of responsive testimony provide substantial evidence for the adverse credibility determination, particularly as they undermine the sincerity of Weng's adoption of Christianity. *See Xiu Xia Lin*, 534 F.3d at 167. Because Weng's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative rationale that Weng failed to show an objectively reasonable fear of future persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5