16-3852
Molina-Hernandez v. Sessions

BIA
Straus, IJ
A208 197 012
A208 197 014

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand eighteen.

PRESENT:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        DENNY CHIN,
           *Circuit Judges.*

_____

LEIDY XIOMARA MOLINA-HERNANDEZ,
JORGE VALDEMAR ANDRADE-MOLINA,

      *Petitioners,*

   v.                16-3852
                           NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

FOR PETITIONERS:        Robert C. Ross, West Haven, CT.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General, Civil Division; Cindy S. Ferrier, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Leidy Xiomara Molina-Hernandez and Jorge Valdemar Andrade-Molina, natives and citizens of Guatemala, seek review of an October 19, 2016, decision of the BIA affirming an April 25, 2016, decision of an Immigration Judge ("IJ") denying Molina-Hernandez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Leidy Xiomara Molina-Hernandez, Jorge Valdemar Andrade-Molina,* Nos. A208 197 012/014 (B.I.A. Oct. 19, 2016), *aff'g* Nos. A208 197 012/014 (Immig. Ct. Hartford Apr. 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history

---

[1] Andrade-Molina, Molina-Hernandez's minor son, was included on Molina-Hernandez's application as a derivative beneficiary.

2

in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA (*i.e.,* excluding the particular social group findings, which the BIA declined to reach). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For the reasons that follow, we conclude that the agency did not err in determining that Molina-Hernandez failed to show past persecution or a well-founded fear of future persecution.

Past persecution can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)). The agency did not err by determining that Molina-Hernandez's past harm

3

did not rise to the level of persecution. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 136 (2d Cir. 2012) (reviewing de novo whether harm rises to level that constitutes persecution). Molina-Hernandez testified that she received three threatening calls on her mobile phone from an unidentified individual demanding money and threatening her son's life if she did not pay. The agency considered this testimony and correctly determined that these threats, without more were not sufficient. *See Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412-13 (2d Cir. 2006) ("This Court, and others, previously have rejected similar claims involving 'unfulfilled' threats." (collecting cases)).

Absent past persecution, Molina-Hernandez had the burden of showing a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (citations and internal quotation marks omitted). The agency did not err in concluding that Molina-Hernandez failed to meet her burden because she had no evidence of continuing threats or any continued interest in her. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not

4

well founded and "is speculative at best."); *see also See Hui Lin Huang*, 677 F.3d at 135 (holding that "*de novo* review applies to the ultimate question of whether the applicant has sustained her burden to establish that her subjective fear of persecution is objectively reasonable"). Absent a well-founded fear of persecution, Molina-Hernandez necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Y.C. v. Holder*, 741 F.3d 324, 335 (2d Cir. 2013). Because the agency's conclusions regarding past persecution and a well-founded fear of persecution are dispositive, we decline to reach the agency's alternative ruling regarding the ability of the Guatemalan government to come to Molina-Hernandez's aid. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5